IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOE THOMAS,

    **Plaintiff,**

vs.                                                    Case No. 4:10cv393-RH/WCS

GREYHOUND LINES, INC.,

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* in this case, filed a motion seeking leave to proceed *in forma pauperis*, doc. 2, and a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. As good cause has been demonstrated, doc. 2, the *in forma pauperis* motion is granted and the Clerk of Court shall file the complaint without requiring payment of the filing fee.

The complaint has been reviewed pursuant to 28 U.S.C. § 1915A. The only Defendant named in this action is Greyhound Lines, Inc., and Plaintiff alleges that venue is appropriate here because the incident at issue took plaintiff on December 6, 2007, on "I-4 of Orlando Florida Perry Florida the State of Florida." Doc. 1, p. 3. Plaintiff complains while traveling from Fort Lauderdale, Florida to Los Angeles,

California, the Greyhound Bus in which he was riding "encountered severe mechanical problems within the vicinity of Orlando Florida and Perry Florida on Interstate I-4 Northern District of Florida the State of Florida on December 6, 2007." *Id.* Plaintiff reports the bus had to pull off the road, and smoke and fumes began filling the inside of the bus. *Id.* Plaintiff claims he suffered smoke inhalation. *Id.*, at 3-4. Plaintiff and some other passengers were allowed off the bus around Perry, Florida, while the engine was examined. *Id.*, at 4. Plaintiff and the passengers were directed to re-board the bus so it could arrive at a rest area. *Id.* When it finally arrived, paramedics were called and treated Plaintiff for high blood pressure. *Id.* Plaintiff was directed to re-board the "dangerous and hazardous smoke and fume infested vehicle and proceed to" Tallahassee. *Id.* Upon arrival, "approximately 15 or 30 miles" away from the rest area, the passengers were sent to a replacement bus to continue their trip. *Id.*

Plaintiff contends his civil rights were violated and Greyhound did not appropriately address the situation. *Id.*, at 5. Plaintiff contends Greyhound breached its duty to him, and was negligent. *Id.*

Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000). Plaintiff has not shown either the violation of a constitutional right, or that any action was taken by a state official. Greyhound Lines,

Inc., is a private business and not the State. As filed, the complaint fails to state a claim and should be dismissed.

I have also considered whether Plaintiff should be provided an opportunity to amend his complaint to bring a claim under the Court's diversity jurisdiction. In light of Plaintiff's allegations, however, there are not sufficient credible allegations of substantial injury that could meet the $75,000 threshold of 28 U.S.C. § 1332(a). Thus, there is no need to direct amendment, and the case should be dismissed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's *in forma pauperis* motion, doc. 2, should be **GRANTED**.

2. The Clerk shall file the complaint without requiring payment of the filing fee.

**REPORT AND RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**