# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOE THOMAS,

    Plaintiff,

v.                          CASE NO. 4:10cv393-RH/WCS

GREYHOUND LINES, INC.,

    Defendant.

_____/

## ORDER DISMISSING THE COMPLAINT
## AND GRANTING LEAVE TO AMEND

This case is before the court on the magistrate judge's report and recommendation, ECF No. 4, and the objections, ECF No. 6. I have reviewed *de novo* the issues raised by the objections.

The plaintiff filed his complaint on a civil-rights complaint form. But he no longer asserts a claim arising under federal law, if he ever did. The plaintiff apparently now asserts claims based only on the Florida common law. *See* ECF No. 6 at 1 & 22. As the report and recommendation correctly notes, federal jurisdiction would exist over such a claim only if the parties were citizens of different states (as they may be) and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332. The plaintiff made a presuit demand for $1,000,000, but

the defendant offered $100, and the record gives little cause to believe the amount in controversy in fact exceeds $75,000.

Still, the plaintiff has attached voluminous medical records. The plaintiff should have an opportunity to amend his complaint to allege that the amount in controversy exceeds $75,000 and to allege facts supporting that conclusion. This order affords an opportunity to amend. Any amended complaint must allege facts sufficient to show federal jurisdiction—that is, it must allege facts showing that the parties are citizens of different states and that the amount in controversy exceeds $75,000 exclusive of interest and costs. The amended complaint must include the case name and number, must be labeled an "amended complaint," must set out the plaintiff's allegations in full without reference to the earlier complaint, and must set out its allegations in short, separate paragraphs.

One further point should be noted. The plaintiff apparently resides in California. His claim apparently arises primarily, if not wholly, from events that occurred when a bus broke down not in this district—the Northern District of Florida—but in the Middle District of Florida. The highway on which the plaintiff says the bus broke down—Interstate Highway 4—is wholly within the Middle District of Florida; it does not pass through the Northern District. The plaintiff apparently *did* pass through the Northern District en route from the point where the bus broke down to California, and he might even have been on that same bus, after

the initial breakdown, at some point within the Northern District. He thus might have suffered a tort and resulting damages in this district. Even so, it seems unlikely that this case ultimately will go forward in the Northern District. *See* 28 U.S.C. § 1404(a) (allowing a court to transfer a case to a district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice).

The plaintiff may wish to consider foregoing the opportunity to file an amended complaint in this case. He may wish, instead, to file his claim in a state court that plainly has jurisdiction. If the plaintiff chooses not to file an amended complaint, the case will be dismissed without prejudice for lack of jurisdiction, thus allowing the plaintiff to file a new lawsuit in state court.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's opinion in part. The complaint is dismissed. The plaintiff may file an amended complaint by November 4, 2010.

SO ORDERED on October 7, 2010.

            s/Robert L. Hinkle
            United States District Judge